March 18, 2022

**Sent Via ECF**
Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  ***Timothy Brown v. Vital Pharmaceuticals, Inc. d/b/a VPX Sports***
       **Docket No.: 1:22-cv-00805 ("Class Action")**
       **Defendant's Pre-Motion Conference Request**

Dear Judge Cogan:

We represent Defendant, Vital Pharmaceuticals, Inc. d/b/a VPX Sports ("VPX") in this Class Action. We write pursuant to Your Honor's Individual Rules to request a pre-motion conference with the Court: (1) to move to dismiss the Class Action Complaint [DE 01] ("CAC") on the basis that this case is another example of opportunistic class action plaintiffs jumping on the bandwagon after learning of litigation filed elsewhere; [1] (2) in the alternative, to strike the class allegations because it clear from the CAC that the proposed class, as defined in Paragraphs 72 and 74 (the "Proposed Class"), could never be certified as it is not ascertainable in that there is no reliable, objective criterion to identify purchasers of various BANG® products and individualized questions of law and fact predominate Plaintiff's claims so that, at minimum, the class action allegations should be stricken; or (3) to stay this action pending determination of similarly situated cases as cited in Footnote 1.

**Basis for Dismissal**
Plaintiff commenced this litigation by filing a four-count class action complaint against VPX for (i) unjust enrichment (on behalf of the nationwide class); (ii) fraud; (iii) violation of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 349, *et seq*. (on behalf of the New York Subclass); and (iv) violation of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 350, *et seq*. (on behalf of the New York Subclass). Plaintiff, however, fails to appreciate that it has essentially replicated the action filed by VPX's competitor, Monster Energy Company ("Monster"), and the consumer class action complaints that followed.[2]

At bottom, the CAC is founded on the wholly unsupportable, contrived theory that because VPX's Super Creatine® is not the same compound as the form of "creatine" that he allegedly may be

---

[1] For example: *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.*, No. 5:18-cv-1882 (C.D. Cal. Sept. 4, 2018); *Imran, et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 3:2018-cv-5758 (N.D. Cal. Sept. 19, 2018); *ThermoLife Int'l LLC v. Vital Pharmaceuticals, Inc.*, No. 2:18-cv-3233 (D. Ariz. Oct. 10, 2018); *Barker v. Vital Pharmaceuticals, Inc.*, No. 1:18-cv-6898 (N.D. Ill. Oct. 12, 2018); and *Madison v. Vital Pharmaceuticals, Inc.*, No. 4:18-cv-6300-LB (N.D. Cal. Oct. 15, 2018); *Shirley St. Fort-Nwabku v. Vital Pharmaceuticals, Inc.*, No. 0:18-cv-628623-RAR (S.D. Fla. Nov. 19, 2018); *Fitzpatrick v. Vital Pharmaceuticals, Inc.*, No. 0:20-cv-61121 (S.D. Fla. June 5, 2020); *Fischer v. Vital Pharmaceuticals Inc.*, Case No. 21SL-CC04977 (E.D. Mo. February 8, 2022).
[2] *See* Martin Caballero, Monster Energy Sues VPX Over Bang Energy Claims, BEVNET, Sept. 6, 2018, https://www.bevnet.com/news/2018/monster-energy-sues-vpx-bang-energy-claims.

familiar with (CAC ¶¶ 6, 11, 36, 36 and 41), VPX mislabeled BANG®. VPX, however, does not advertise or represent that BANG® contains any form of creatine aside from Super Creatine® and the product ingredients list unequivocally discloses that Super Creatine® is "creatinyl-l-leucine" ("CLL"). Further, Plaintiff recognizes that many forms of creatine exist. *See* CAC ¶ 41 (as provided in Exhibits A and B). Plaintiff has not alleged *any facts* (as opposed to conclusions), that CLL is not a form of creatine. This Court should accordingly dismiss the CAC or, alternately, strike the class action allegations.

Plaintiff fails to state a claim to relief that is possible on its face, because: (a) the formulaic and contradictory allegations negate the entire basis of the asserted claims for unjust enrichment and deceptive or unfair conduct violating the New York Deceptive Trade Practices Act ("NYDTPA"); (b) Plaintiff has failed to allege, with sufficient particularity, the circumstances constituting fraud to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b); (c) the advertising terms "potent brain and body fuel" and "SUPER," amongst others, are nothing more than non-actionable puffery; (d) the claims for unjust enrichment and NYDPTA lack a factual basis, including, but not limited to, an identification of the specific BANG® "products," among the many available for sale by VPX, that Plaintiff allegedly purchased, the cost of the purported product, the form of creatine he expected to be in BANG® as well as the "benefits" that VPX allegedly failed to deliver to him; and (e) Plaintiff cites to outdated articles and misinterpreted studies to support the conclusory allegations that BANG® does not contain the pertinent ingredients or that the ingredients are ineffective for their advertised purpose or were not delivered as advertised.

The CAC offers even less factual support than the copy-cat class action complaint in *Fitzpatrick v. Vital Pharmaceuticals, Inc.*, No. 0:20-cv-61121 (S.D. Fla. June 5, 2020. At least in *Fitzpatrick* the plaintiffs alleged the specific amount of money paid for the BANG® product and the circumstances surrounding the transaction, including the name of the locations where the purchases took place and basis for selecting the BANG® products as opposed to others offering similar benefits. Plaintiff, in this case, simply asserts that he "purchased the Products at a substantial price premium and would not have brought the Products, or paid the same amount for the Products, had he known that the labeling and marketing he relied on was false, misleading, deceptive, or unfair." *See* CAC ¶ 23. Without more, Plaintiff's fraud and unjust enrichment claims as well as the purported violations of the NYDTPA fail. Specifically, Rule 9(b) requires a complainant alleging fraud to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Innovation Ventures, LLC v Ultimate One Distrib. Corp.*, 12-CV-5354-KAM-RLM, 2014 WL 1311979, at *4 (E.D.N.Y. Mar. 28, 2014) (citing *Rombach v. Chang,* 355 F.3d 164, 170 (2d Cir.2004)); *Harsco Corp. v. Segui,* 91 F.3d 337, 347 (2d Cir. 1996). "In addition, the pleading should set forth what the defendants allegedly 'obtained' as a consequence of the fraud." *Id*. (internal citations omitted). The CAC is entirely devoid of any facts as to the purported amount of money paid by Plaintiff or what VPX allegedly 'obtained' as a consequence of the fraud, amongst other necessary facts.

In support of dismissing the CAC, this Court should take judicial notice of the June 4, 2021 Order entered by the court in *Fitzpatrick* [DE 39] as the CAC contains similar allegations, although albeit less factual support, about "super creatine™" and related statements concerning the effectiveness

of BANG® products. *See Finn v Barney*, 471 Fed. Appx. 30, 32 (2d Cir. 2012) (holding the district court did not abuse its discretion in taking judicial notice of documents and dismissing plaintiff's amended complaint); *see also Thompson v Glob. Contact Services, LLC*, 20-CV-651-MKB, 2021 WL 3425378, at *5 (E.D.N.Y. Aug. 4, 2021)("courts routinely take judicial notice of documents filed in other courts...not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")). This Court should similarly take judicial notice of the *In Re Bang Energy Drink Marketing Litigation*, Case No. 18-cv-05758-JST (N.D. Cal. June 19, 2019) as well as the Order Granting VPX's Motion to Dismiss entered on September 14, 2020) [DE127].

**Basis to Strike**
It is clear from the face of the CAC that the Proposed Class cannot be certified as it is not clearly ascertainable, and predominance cannot be established because there are significant individualized issues that cannot be determined by generalized proof. Plaintiff alleges both a nationwide and New York sub-class comprised of all persons who purchased BANG® products "during the fullest period allowed by law." CAC ¶¶ 72 and 74. *See Karhu v. Vital Pharmaceuticals, Inc.* Case No. 0:13-cv-60768-JIC (Fla. S.D. April 3, 2013).

**Basis to Stay**
It is within the Court's discretion to stay an action pending the outcome of a motion filed in independent proceedings. *See Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236 (1976)) ("[a]s between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.").

Here, the cases cited in this Letter are currently pending in various courts throughout the country. Thus, this Court should stay this action because: (1) it will avoid wasting the resources of the parties and the Court while an identical fact pattern is being analyzed in *Fitzpatrick*, amongst other cases cited herein; (2) there will be no prejudice to either party if the Court issues a stay because the Action is in the early stages of the litigation and the parties have not yet engaged in any discovery; (3) because the issues in *Fitzpatrick* and *In Re Bang Energy Drink Marketing Litigation* (amongst others cited herein) will determine identical issues, this action should be stayed to avoid inconsistent rulings on similar fact patterns; (4) the stay is requested solely until *Fitzpatrick* and other similarly situated cases are resolved, including *In Re Bang Energy Marketing Litigation*, of which Plaintiff's counsel in this matter is also named as counsel; and (5) Plaintiff would not suffer harm because granting the stay will simply maintain the status quo.

Therefore, we respectfully request a pre-motion conference in advance of our motion to dismiss or in the alternative to strike the class action allegations. In addition, we respectfully request a pre-motion conference in advance of our motion to stay.

                                        Respectfully submitted,
                                        */s/ Stephanie Khouri*, NYSBN: 5883434
                                        Stephanie S. Khouri, Esq.