

SHUB LAW FIRM LLC

134 KINGS HIGHWAY, SECOND FLOOR
HADDONFIELD, NJ 08033

(856) 772-7200
SHUBLAWYERS.COM
INFO@SHUBLAWYERS.COM
KLAUKAITIS@SHUBLAWYERS.COM

JONATHAN SHUB†
KEVIN LAUKAITIS*

† ADMITTED IN:
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
CALIFORNIA

* ONLY ADMITTED IN PENNSYLVANIA AND NEW JERSEY

MARCH 28, 2022

**VIA ECF**
Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Timothy Brown v. Vital Pharmaceuticals, Inc. d/b/a VPX Sports
            Case No: 1:22-cv-00805-BMC

Dear Judge Cogan,

    We write jointly on behalf of the parties in the above-referenced matter. In accord with the February 13, 2022 Order, the parties jointly submit this joint letter to Chambers five (5) days prior to the Initial Status Conference, scheduled on March 30, 2022 at 5:00 p.m. and state as follows:

Consistent with your Honor's requirements, the parties present the parties' "brief description of the case, including factual, jurisdictional, and legal basis for the claim(s) and defense(s); and addressing any contemplated motions." ECF No. 5.

I.  **Plaintiff's Description**

Brief Description: This is a class action brought by Plaintiff on behalf of all consumers in the United States including a New York sub-class who purchased Defendant's BANG® products (the "Bang® Products") which are represented to contain "SUPER CREATINE," but which contain no creatine at all.

Factual and Legal Basis for Claims: Defendant sells the BANG® Products by deceiving the public about the Products' ingredients and seeking to convince reasonable consumers that the Products contain "SUPER CREATINE," which Defendant touts as a "performance ingredient" that "contributed in part to Bang's rise in prominence" and created a so-called "cult-like craze". ECF No. 1, Compl., at ¶5. This is why Defendant touts the presence of "SUPER CREATINE" in large capital letters and a bold font placed around the top lip of each BANG® can. *Id.* at ¶¶ 7, 33. Defendant reinforces these false claims by including the phrase "POTENT BRAIN AND BODY FUEL" in all capital letters, on the front and center of the Product, immediately below the product name BANG®, and has stated that one of the reasons it labels the Product as providing "POTENT BRAIN AND BODY FUEL" is because of "SUPER CREATINE." *Id.* at ¶8. These uniform claims have been made by Defendant and repeated across a variety of media including the Products' label, website, online promotional materials, and at the point-of-purchase, where they cannot be missed by consumers. *Id.* at ¶ 35.

Defendant is well aware that creatine is a popular dietary supplement believed to have beneficial effects for exercise performance, building muscle mass, brain health, and cognitive functioning. *Id.* at ¶10. That is why creatine products have garnered more than $400 million in annual sales across the United States, and why brain health supplements are forecast to garner $5.8 billion in global sales by 2023. *Id.* at ¶37-28. Defendant has capitalized on this trend and has engaged in a uniform nationwide marketing campaign to convince consumers that the Products contain "SUPER CREATINE," to provide "POTENT BRAIN AND BODY FUEL," when the Products in fact have no creatine at all and are entirely incapable of providing the benefits of creatine. *Id.* at ¶11. The SUPER CREATINE molecule that is found in the BANG® products is Creatyl-l-Leucine, which is a fundamentally different molecule than creatine, **is not creatine**, and is **incapable of having any of the physiological effects of creatine.** Creatyl-l-leucine consists of creatine covalently bound to l-leucine. This synthetic process changes the chemistry of the creatine molecule to another chemical entirely, and each has a distinct chemical structure. *Id.* at ¶45. Creatyl L-leucine, unlike creatine, is an entirely new ingredient concocted by VPX. *Id.* at ¶6. In other words, there is no such this as SUPER CREATINE. Thus, when consumers purchase BANG® products, they are not getting creatine and certainly are not getting a SUPER form of it.

As a result of Defendant's conduct, Plaintiff brings claims for: Unjust Enrichment (Count I) on behalf of the Nationwide Class; Fraud (Count II) on behalf of the Nationwide and/or the New York Subclass; Violation of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 349, et seq. (Count III) on behalf of the New York Subclass; and Violation of the

New York Deceptive Trade Practice Trade Practice Act, New York Gen. Bus. Law § 350, et seq. (Count IV) on behalf of the New York Subclass.

Contemplated motions: Plaintiff intends to file a motion for class certification pursuant to Federal Rule of Civil Procedure 23 and contends that class treatment is appropriate, as the elements of Rule 23 are all present and will be satisfied in this matter, and Plaintiff and the putative Class Members were subjected to and injured by Defendant's uniform conduct as alleged in the Complaint.

## II.     Defendant's Description:

Brief Description: At bottom, the Class Action Complaint ("CAC") is founded on the wholly unsupportable, contrived theory that because VPX's Super Creatine® is not the same compound as the form of "creatine" that he allegedly may be familiar with (CAC ¶¶ 6, 11, 36, 36 and 41), VPX mislabeled BANG®. VPX, however, does not advertise or represent that BANG® contains any form of creatine aside from Super Creatine® and the product ingredients list unequivocally discloses that Super Creatine® is "creatinyl-l-leucine" ("CLL"). Further, Plaintiff recognizes that many forms of creatine exist. *See* CAC ¶ 41 (as provided in Exhibits A and B). Plaintiff has not alleged *any facts* (as opposed to conclusions), that CLL is not a form of creatine. This Court should accordingly dismiss the CAC or, alternately, strike the class action allegations.     Factual and Legal Basis for Dismissal: Plaintiff fails to state a claim to relief that is possible on its face, because: (a) the formulaic and contradictory allegations negate the entire basis of the asserted claims for unjust enrichment and deceptive or unfair conduct violating the New York Deceptive Trade Practices Act ("NYDTPA"); (b) Plaintiff has failed to allege, with sufficient particularity, the circumstances constituting fraud to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b); (c) the advertising terms "potent brain and body fuel" and "SUPER," amongst others, are nothing more than non-actionable puffery; (d) the claims for unjust enrichment and NYDPTA lack a factual basis, including, but not limited to, an identification of the specific BANG® "products," among the many available for sale by VPX, that Plaintiff allegedly purchased, the cost of the purported product, the form of creatine he expected to be in BANG® as well as the "benefits" that VPX allegedly failed to deliver to him; and (e) Plaintiff cites to outdated articles and misinterpreted studies to support the conclusory allegations that BANG® does not contain the pertinent ingredients or that the ingredients are ineffective for their advertised purpose or were not delivered as advertised.

The CAC offers even less factual support than the copy-cat class action complaint in *Fitzpatrick v. Vital Pharmaceuticals, Inc.*, No. 0:20-cv-61121 (S.D. Fla. June 5, 2020. At least in *Fitzpatrick* the plaintiffs alleged the specific amount of money paid for the BANG® product and the circumstances surrounding the transaction, including the name of the locations where the purchases took place and basis for selecting the BANG® products as opposed to others offering similar benefits. Plaintiff, in this case, simply asserts that he "purchased the Products at a substantial price premium and would not have brought the Products, or paid the same amount for the Products, had he known that the labeling and marketing he relied on was false, misleading, deceptive, or unfair." *See* CAC ¶ 23. Without more, Plaintiff's fraud and unjust enrichment claims as well as the purported violations of the NYDTPA fail. Specifically, Rule 9(b) requires a complainant alleging fraud to "(1) specify the statements that the plaintiff contends were

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Innovation Ventures, LLC v Ultimate One Distrib. Corp.*, 12-CV-5354-KAM-RLM, 2014 WL 1311979, at *4 (E.D.N.Y. Mar. 28, 2014) (citing *Rombach v. Chang,* 355 F.3d 164, 170 (2d Cir.2004)); *Harsco Corp. v. Segui,* 91 F.3d 337, 347 (2d Cir. 1996). "In addition, the pleading should set forth what the defendants allegedly 'obtained' as a consequence of the fraud." *Id.* (internal citations omitted). The CAC is entirely devoid of any facts as to the purported amount of money paid by Plaintiff or what VPX allegedly 'obtained' as a consequence of the fraud, amongst other necessary facts.

In support of dismissing the CAC, this Court should take judicial notice of the June 4, 2021 Order entered by the court in *Fitzpatrick* [DE 39] as the CAC contains similar allegations, although albeit less factual support, about "super creatine™" and related statements concerning the effectiveness of BANG® products. *See Finn v Barney*, 471 Fed. Appx. 30, 32 (2d Cir. 2012) (holding the district court did not abuse its discretion in taking judicial notice of documents and dismissing plaintiff's amended complaint); *see also Thompson v Glob. Contact Services, LLC*, 20-CV-651-MKB, 2021 WL 3425378, at *5 (E.D.N.Y. Aug. 4, 2021)("courts routinely take judicial notice of documents filed in other courts...not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")). This Court should similarly take judicial notice of the *In Re Bang Energy Drink Marketing Litigation*, Case No. 18-cv-05758-JST (N.D. Cal. June 19, 2019) as well as the Order Granting VPX's Motion to Dismiss entered on September 14, 2020) [DE127].

Contemplated motions: Defendant seeks to have the CAC dismissed or, in the alternative, to strike the class allegations because it is clear from the CAC that the proposed class, as defined in Paragraphs 72 and 74 (the "Proposed Class"), could never be certified as it is not ascertainable in that there is no reliable, objective criterion to identify purchasers of various BANG® products and individualized questions of law and fact predominate Plaintiff's claims. Additionally, should the CAC not be dismissed, this case should be stayed pending determination of similarly situated cases.[1]

### III.   Conclusion:

The Parties thank the Court for the opportunity to submit the present letter and look forward to the upcoming conference. Thank you.

---

[1] For example: *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.*, No. 5:18-cv-1882 (C.D. Cal. Sept. 4, 2018); *Imran, et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 3:2018-cv-5758 (N.D. Cal. Sept. 19, 2018); *ThermoLife Int'l LLC v. Vital Pharmaceuticals, Inc.*, No. 2:18-cv-3233 (D. Ariz. Oct. 10, 2018); *Barker v. Vital Pharmaceuticals, Inc.*, No. 1:18-cv-6898 (N.D. Ill. Oct. 12, 2018); and *Madison v. Vital Pharmaceuticals, Inc.*, No. 4:18-cv-6300-LB (N.D. Cal. Oct. 15, 2018); *Shirley St. Fort-Nwabku v. Vital Pharmaceuticals, Inc.*, No. 0:18-cv-628623-RAR (S.D. Fla. Nov. 19, 2018); *Fitzpatrick v. Vital Pharmaceuticals, Inc.*, No. 0:20-cv-61121 (S.D. Fla. June 5, 2020); *Fischer v. Vital Pharmaceuticals Inc.*, Case No. 21SL-CC04977 (E.D. Mo. February 8, 2022).

Respectfully submitted,

/s/ *Kevin Laukaitis*
Attorney for Timothy Brown and the Proposed Class


/s/ *Stephanie Khouri*_____
Attorney for Defendant VPX Pharmaceuticals, Inc. d/b/a VPX Sports